IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

MILAGROS CABULOY BURCENA,          )
SAMUEL CABBAB CABULOY, CECILIA     )
CABBAB CABULOY, SUSAN CABBAB       )
CABULOY, and VICENTE CABBAB        )   Civ. No. CV-06-00422 HG-KSC
CABULOY, JR.,                      )
                                   )
           Appellants,             )
      vs.                          )
                                   )
BANK ONE, NATIONAL                 )
ASSOCIATION, AS TRUSTEE fka        )
THE FIRST NATIONAL BANK OF         )
CHICAGO, AS TRUSTEE,               )
                                   )
           Appellee.               )
_____    )

**ORDER DENYING APPELLEE'S MOTION TO DISMISS, AND
ORDER AFFIRMING THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF HAWAII'S ORDER GRANTING BANK ONE'S MOTION TO ANNUL
THE AUTOMATIC STAY IN CASE NUMBER 00-02546**

     This is an appeal of The United States Bankruptcy Court for

the District of Hawaii's Order Granting Bank One's Motion to

Annul the Automatic Stay in case number 00-02546, the dismissed

Chapter 7 petition in bankruptcy of Vicente Cabbab Cabuloy,

deceased ("Debtor").

     Appellant Milagros Cabuloy Burcena ("Debtor Representative")

is the personal representative of the estate of Debtor.  Samuel

1

Cabbab Cabuloy, Cecilia Cabbab Cabuloy, Susan Cabbab Cabuloy, and Vicente Cabbab Cabuloy, Jr. ("Non-Debtors"), are the heirs and descendants of Debtor.

Appellee Bank One, National Association, as Trustee fka The First National Bank of Chicago, as Trustee ("Bank One") has also moved the Court for a dismissal of the appeal based on Appellants' failure to file an opening brief pursuant to Federal Rules of Appellate Procedure ("FRAP"), Rule 31(a) and the Order of the Court.[1]

The Debtor's Chapter 7 petition in bankruptcy was dismissed for failure to file the required supporting documents.  Before dismissal, and with no knowledge of the automatic stay entered at the moment of filing of the petition, Bank One foreclosed on Debtor's property.  Debtor had filed the petition just 17 minutes before the foreclosure hearing in state court.  Debtor did not appear at the hearing and did not inform the state court of the filing.  Bank One then petitioned the Bankruptcy Court, after Debtor's death, to re-open Debtor's dismissed bankruptcy case and annul the automatic stay that was in effect during the brief

---

[1] On February 5, 2007, the Court issued a Minute Order stating the opening brief on appeal was to be filed by June 15, 2007.  Appellants failed to file their opening brief.
Forty-six (46) days after the June 15th deadline, On July 31, 2007, the Court issued a Minute Order instructing Appellants to file an opening brief by 4:00 p.m. on August 3, 2007.  The brief was filed at 3:15 p.m. on August 3rd.

period of July 17 to September 20, 2000.  The Bankruptcy Court
has found bad faith on the part of the Debtor and annulled the
automatic stay, so that the stay no longer has an affect on Bank
One's actions regarding the Foreclosed Property.

**Motion To Dismiss**

Appellants were required to file their opening brief on
appeal by June 15, 2007, pursuant to FRAP 31(a) and this Court's
Order dated February 5, 2007.  Appellants failed to do so,
despite over four months of warning before the deadline.  When
Bank One filed a "Motion to Dismiss Appeal" on July 13, 2007, a
month later, Appellants still had not file an opening brief.
Appellants filed "Appellants' Counsel's Declaration In Opposition
TO Motion To Dismiss Appeal" instead.  Appellants' brief was
finally filed on August 3, 2007, nearly two months late and in
response to an additional order issued by the Court.

There are sufficient grounds for dismissing the appeal for
failure to file the opening brief in accordance with the briefing
schedule set by the Court.  FRAP 31(a); <u>Escobar-Ramos v. I.N.S.</u>,
927 F.2d 482, 485 (9th Cir. 1991); <u>Guam Sasaki Corp. v. Diana's
Inc.</u>, 881 F.2d 713, 716 (9th Cir. 1989).

The Court, in the interests of reaching the merits of the
matter, **DENIES** Bank One's Motion to Dismiss the appeal.

**Decision Of The Bankruptcy Court**

The Bankruptcy Court has the authority to re-open Debtor's dismissed bankruptcy case, after Debtor's death, and order the annulment of the automatic stay.  For the reasons stated below, the decision of the Bankruptcy Court is **AFFIRMED**.

## PROCEDURAL HISTORY IN THE UNITED STATES FEDERAL DISTRICT COURT FOR THE DISTRICT OF HAWAII

On January 11, 2000, Appellee Bank One filed a Complaint to Foreclose Mortgage in the Circuit Court of the First Circuit for the State of Hawaii.[2]

The Court sets out a limited procedural history of the State foreclosure matter, and of the United States Bankruptcy Court proceeding as they relate to the matter before this Court.

On June 13, 2000, Bank One filed a Motion for Summary Judgment and Interlocutory Decree of Foreclosure in State Circuit Court.

On July 17, 2000, at 8:43 a.m., Vincent Cabbab Cabuloy ("Deceased Debtor") filed a voluntary chapter 7 bankruptcy petition in the Bankruptcy Court, Case No. 00-02546.

On September 20, 2000, the Bankruptcy Court dismissed Deceased Debtor's petition for failure to file the requisite documents.

---

[2]BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE fka THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE vs. MILAGROS CABULOY BURCENA, SAMUEL CABBAB CABULOY, VICENTE CABBAB CABULOY, CECILIA CABBAB CABULOY, SUSAN CABBAB CABULOY, VICENTE CABBAB CABULOY, JR., ET AL.;  Civil Number 00-1-0097-01 (Foreclosure).

On May 2, 2006, Bank One filed a motion for relief from the automatic stay under 11 U.S.C. § 362 ("Motion for Relief") concerning the property at 94-1120 Kahuamo St., Waipahu, HI 96797 ("Foreclosed Property").

On May 31, 2006, the hearing was held on the Motion for Relief.

On June 5, 2006, the United States Bankruptcy Court For the District of Hawaii entered an "Order Granting Bank One[]'s Motion To Annul The Automatic Stay" ("Annulment Order").

On August 3, 2006, Milagros Cabuloy Burcena ("Debtor Representative"), Samuel Cabbab Cabuloy, Cecilia Cabbab Cabuloy, Susan Cabbab Cabuloy, and Vicente Cabbab Cabuloy, Jr. (collectively "Non-Debtors") filed an Appeal of the Annulment Order ("Appeal").  (Doc. 1)

On September 22, 2006, Appellants filed a pleading before this Court entitled: "Ex Parte Motion for Emergency Stay of June 5, 2006 Order Below Granting Bank One[]'s Motion to Annul The Automatic Stay and Consequently Enjoining Secured Creditor Bank One From Temporarily Enforcing State Court Writ of Possession" ("Emergency Motion for Stay") and motion for stay pending appeal. (Doc. 5)

On September 22, 2006, Appellants filed a pleading entitled "Motion For Stay Pending Appeal" in this Court (Doc. 6).

On September 25, 2006, The Court denied Appellants'

Emergency Motion for Stay, and denied Appellants' motion for stay pending appeal. (Doc. 10)

On February 5, 2007, the Court issued a Minute Order stating the opening brief on appeal was to be filed by June 15, 2007.

On July 13, 2007, Bank One filed a "Motion to Dismiss Appeal". (Doc. 20)

On July 17, 2007, Debtor Representative and Non-Debtors filed "Appellants Counsel's Declaration In Opposition To Motion to Dismiss Appeal". (Doc. 22)

On July 31, 2007 the Court issued a Minute Order instructing Appellants to file an opening brief by August 3, 2007.

On August 3, 2007, Debtor Representative and Non-Debtors filed an opening brief on appeal.

On September 4, 2007, Bank One filed an answering brief, and a "Request for Judicial Notice" with exhibits. (Doc. 30 and 28)

On September 10, 2007, Debtor Representative and Non-Debtors filed a reply brief. (Doc. 31)

This matter came on for hearing on September 17, 2007.

**STANDARD OF REVIEW**

On appeal, the Bankruptcy Court's conclusions of law are reviewed <u>de novo</u> and its factual findings are reviewed for clear error. <u>In re Irwin</u>, 338 B.R. 839, 843-844 (E.D. Cal. 2006). <u>See Dawson</u>, 367 F.3d 1174, 1177 (9th Cir. 2004); <u>In re Olshan</u>, 356 F.3d 1078, 1083 (9th Cir. 2004); <u>In re Price</u>, 353 F.3d 1135, 1138

6

(9th Cir. 2004); In re Summers, 332 F.3d 1240, 1242 (9th Cir.
2003).  The Court must accept the Bankruptcy Court's findings of
fact unless upon review the Court is left with the definite and
firm conviction that a mistake has been committed.  Latman v.
Burdette, 366 F.3d 774, 781 (9th Cir. 2004); In re Jan Weilert
RV, Inc., 315 F.3d 1192, 1196 (9th Cir.), amended by 326 F.3d
1028 (9th Cir. 2003); In re Banks, 263 F.3d 862, 829 (9th Cir.
2001).

The Bankruptcy Court's interpretation of the bankruptcy code
is reviewed de novo.  See In re Deville, 361 F.3d 539, 547(9th
Cir. 2004); In re Bunyan, 354 F.3d ,1150; In re BCE West, L.P.,
319 F.3d 1066, 1070 (9th Cir. 2003).

Whether a debtor acted with intent to hinder, delay, or
defraud creditors is a finding reviewed for clear error.  In re
Lawson, 122 F.3d 1237, 1240 (9th Cir. 1997).  The court's finding
of bad faith is reviewed for clear error.  In re Leavitt, 171
F.3d 1219, 1222-23 (9th Cir. 1999).

The Bankruptcy Court's evidentiary rulings are reviewed for
an abuse of discretion.  Latman v. Burdette, 366 F.3d 774, 781
(9th Cir. 2004); In re Renovizor's, Inc., 282 F.3d 1233, 1237 n.1
(9th Cir. 2002).

The Bankruptcy Court's choice of remedies is reviewed for an
abuse of discretion.  In re Lopez, 345 F.3d 701, 705 (9th Cir.
2003), cert. denied, 124 S.Ct. 2015 (2004).  The Bankruptcy

7

Court's decision on a motion to reopen is reviewed for an abuse of discretion.  See In re Staffer, 306 F.3d 967, 971 (9th Cir. 2002); In re Castillo, 297 F.3d 940, 945 (9th Cir. 2002); In re McGhan, 288 F.3d 1172, 1178 (9th Cir. 2002).  The decision to grant relief from the automatic stay is reviewed for an abuse of discretion.  See In re Umali, 345 F.3d 818, 822 (9th Cir. 2003); In re Gruntz, 202 F.3d 1074, 1084 n.9 (9th Cir. 2000)(en banc).

A Bankruptcy Court abuses its discretion if the law is applied incorrectly, or if the decision of the court rests on clearly erroneous findings of material fact.  United States v. Peninsula Communications, Inc., 287 F.3d 832, 839 (9th Cir.2002); Gonzales v. Gottlieb, 294 B.R. 306, 309 (9th Cir. BAP 2003).

## BACKGROUND

The creditor in this matter is Appellee Bank One, National Association, as Trustee fka The First National Bank of Chicago, as Trustee ("Bank One").  On February 18, 1998, Milagros Cabuloy Burcena ("Debtor Representative"), Samuel Cabbab Cabuloy, Cecilia Cabbab Cabuloy, Susan Cabbab Cabuloy, Vincent Cabbab Cabuloy, Jr. (collectively "Non-Debtors"), and Vincente Cabbab Cabuloy ("Debtor") executed a promissory note in favor of International Savings and Loan Association, Ltd. ("ISL").  This promissory note ("Loan") was secured by a Mortgage encumbering the property at 94-1120 Kahuamo Street in Waipahu ("Foreclosed Property").  This promissory note was then transferred to Bank One on February 25,

8

1998.

On May 1, 1999, Debtor, Debtor Representative and Non-Debtors defaulted on the Loan.  On January 11, 2000, Bank One instituted a judicial foreclosure action on the Foreclosed Property in Circuit Court of the First Circuit, State of Hawaii.[3] On June 13, 2000, Bank One filed a Motion for Summary Judgment and Interlocutory Decree of Foreclosure ("Motion for Summary Judgment") in the Circuit Court of the State of Hawaii ("Foreclosure Motion").  The Foreclosure Motion was set for hearing on July 17, 2000, at 9:00 a.m..

At 8:43 a.m. on July 17, 2000, just 17 minutes before the hearing on the Foreclosure Motion, Debtor filed a Chapter 7 petition in bankruptcy in the United States District Court for the District of Hawaii.  Debtor did not attend the 9:00 a.m. hearing, nor did he inform the Circuit Court that he had filed a Chapter 7 petition.  The hearing on the Foreclosure Motion proceeded, Bank One's motion was granted, and the Foreclosed Property was sold.

Having failed to inform the state court of the bankruptcy filing, Debtor then failed to file with the Bankruptcy Court the

---

[3] BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE fka THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE vs. MILAGROS CABULOY BURCENA, SAMUEL CABBAB CABULOY, VICENTE CABBAB CABULOY, CECILIA CABBAB CABULOY, SUSAN CABBAB CABULOY, VICENTE CABBAB CABULOY, JR., ET AL.; Civil Number 00-1-0097-01 (Foreclosure)("Foreclosure Action").

supporting documents and schedules required to support his Chapter 7 petition.  Pursuant to 11 U.S.C. § 707 (a)(3), the Bankruptcy Court dismissed his petition on September 20, 2000. Debtor later filed a second Chapter 7 petition just before the sale of the Foreclosed Property.  This petition was similarly dismissed.

Debtor also resisted all efforts by Bank One to complete the foreclosure and recover the money loaned in the Circuit Court for the First Circuit, State of Hawaii.  Bank One, in contrast, sought to complete the foreclosure through the proper procedural steps pursuant to state and federal law.  It was Bank One, not Debtor, who filed a Notice of Automatic Bankruptcy Stay in the Foreclosure Action as soon as the creditor learned of Debtor's filing.  Bank One then confirmed the foreclosure sale in the Foreclosure Action, and secured an ex parte Order "validating the hearing" on the foreclosure motion for summary judgment.  Debtor, and, after his death, the representative of his estate, Milagros Cabuloy Burcena ("Debtor Representative"), opposed all of Bank One's efforts in state court.  Neither Debtor, nor Milagros Cabuloy, in her individual capacity or, later, as personal representative of the Estate of Vincente Cabbab Cabuloy[4], made

---

[4]In referring to matters that occur after the death of Vincente Cabbab Cabuloy, Debtor is referred to as "Deceased Debtor".

any payments on the mortgage loan although they continued to live on the property.[5]

On April 20, 2006, Bank One petitioned the Bankruptcy Court, moving the Court to reopen Deceased Debtor's dismissed case and to annul the automatic stay.  The Bankruptcy Court, in its Order of June 5, 2006, granted Bank One's motion and annulled the automatic stay ("Annulment Order").

## ANALYSIS

### I.   JURISDICTION

The Debtor Representative and Non-Debtors appeal from the United States Bankruptcy Court For the District of Hawaii's "Order Granting Bank One[]'s Motion To Annul The Automatic Stay" ("Order"), dated May 31, 2006, in Case Number 00-02546.  This Court has jurisdiction to review proceedings of the Bankruptcy Court pursuant to 28 U.S.C. § 158(d), and affirms the Order of the Bankruptcy Court.

### II.  STANDING

This Court is under an independent duty to examine the standing of the appellants, and must do so whether or not this issue is raised by the parties to the appeal.  FW/PBS, Inc. v.

---

[5]The Foreclosed Property was later purchased from Bank One by members of the Cabuloy Clan.  On March 6, 2007, a limited warranty deed for the Foreclosed Property was executed conveying the Foreclosed Property from Bank One to Elizabeth Cabbab Cabuloy, Susan Cabuloy Delos Santos, Nelson Ramos Delos Santos, Dominador Cabbab Cabuloy, and Diango Cabbab Cabuloy.

<u>City of Dallas</u>, 493 U.S. 215, 231, 110 S.Ct. 596 (1990)("federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'")(<u>quoting</u> <u>Allen v. Wright</u>, 468 U.S. 737, 750, 104 S.Ct. 3315 (1984)) (alteration in original).

Standing includes both constitutional and jurisprudential considerations.  <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-1 (1992).  Article III of the Constitution requires that the allegedly aggrieved Appellants show that they have personally suffered some actual or threatened injury in fact that can be traced to some wrongful or illegal conduct by Bank One, and that the injury is likely to be redressed by a favorable decision. <u>Valley Forge Christian College v. Americans United for Separation</u> <u>of Church and State, Inc.</u>, 454 U.S. 464, 472, 102 S.Ct. 752, 758 (1982); <u>In re Caldor, Inc.</u>, 193 B.R. 182, 186 (Bankr. S.D.N.Y. 1996).  Appellants must also assert their own legal interests as the real parties in interest.  <u>Dunmore v. U.S.</u>, 358 F.3d 1107, 1111 - 1112 (9th Cir. 2004); <u>In re Gosnell Development</u> <u>Corporation of Arizona</u>, 221 B.R. 776, 780 (D. Arizona 1998)("The parties must have a direct and immediate interest in the matter at hand.  Simply because the matter affects the debtor or the creditor generally, however, is insufficient to confer standing.").

The Non-Debtors, as co-owners of the Foreclosed Property,

have no standing to challenge the annulment of the automatic stay.  In re Globe, 867 F.2d 556, 560 (9th Cir. 1989).  The automatic stay in Deceased Debtor's bankruptcy case protects the rights and interests of Decedent Debtor.  Id. at 559.  Non-Debtors are not parties to the bankruptcy case, and their interests are not protected by the automatic stay.  They did not file the petition in bankruptcy, only Decedent Debtor did.  The protections of the bankruptcy code are for the debtor, and are not to be abused by outside parties to protect interests outside of the case.

> The appellants' cause of action under section 362 is a disingenuous attempt to use the Bankruptcy Code to their advantage.  The appellants' request for relief shows them to be aggrieved property owners with interests adverse to the estate, not creditors.  [T]he protection of section 362 . . . clearly does not confer any rights to outside parties.

Id. at 560; see also, In re Brooks, 79 B.R. 479, 481 (Bankr.N.D.Cal. 1983)("the automatic stay operates in favor of debtors and estates . . . it gives . . . other parties interested in the property no substantive or procedural rights.).  The Non-Debtors do not have standing to appeal the decision of the Bankruptcy Court.

In her individual capacity, as named in this appeal, Milagros Burcena also does not have standing to appeal.  In the interests of reaching the merits of the appeal, the Court takes judicial notice of Milagros Burcena's status as the personal

13

representative of the Estate of Vincente Cabbab Cabuloy.[6]  In this capacity, Milagros Burcena ("Debtor Representative") stands in the place of Decedent Debtor and has the standing to bring this appeal.

### III. BANKRUPTCY: CHAPTER 7 LIQUIDATION

"One of the primary purposes of the bankruptcy act is to 'relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh[.]'"  <u>Local Loan Co. v. Hunt</u> (1934).  Chapter 7 of the Bankruptcy Code, entitled "Liquidation", "provides the mechanism for taking control of the property of the debtor, selling it and distributing the proceeds to creditors in accordance with the distribution scheme of the Code."  <u>Collier on Bankruptcy</u>, ¶ 1.03[2][a].  A debtor who files a petition in good faith then may "obtain a new financial life through the discharge of unpaid debts."  <u>Id</u>.

When a debtor files a Chapter 7 petition, the automatic stay takes effect at the moment of filing.  The automatic stay is for the protection of the debtor.  The House Report for the Bankruptcy Reform Act of 1978 explains:

---

[6]The Court takes judicial notice of the exhibits submitted by Bank One, attached to their "Appellee's Request For Judicial Notice".  On September 8, 2004, Letters of Administration were filed in the Circuit Court of the First Circuit, State of Hawaii in the probate case of the Estate of Deceased Debtor.  Exhibit B. The Letters state Mila Burcena "is informally appointed Personal Representative of the Estate of the decedent."

14

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all collection efforts, all harassment, and all foreclosure actions. It permits the debtor to . . . be relieved of the financial pressures that drove him into bankruptcy.

H.R.Rep. No. 95-595, at 340 (1977), reprinted in 1978

U.S.C.C.A.N. 5963, 6296-97.  The automatic stay acts to prevent

the commencement of a foreclosure action:

> [A] petition filed under section 301 ... operates as a stay, applicable to all entities, of-
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title [.]

11 U.S.C. § 362(a)(1), see also Celotex Corp. v. Edwards, 514

U.S. 300, 302, 115 S.Ct. 1493 (1995) (automatic stay prevents

commencement of any act to possess property of the debtor).  A

Bankruptcy Court may grant relief from the automatic stay on

request of a "party in interest."  11 U.S.C. § 362(d).

The debtor is required, after filing the Chapter 7 petition,

to timely file various documents, lists of creditors, and

schedules of assets and liabilities.  11 U.S.C. § 521(1).  A

debtor's case is dismissed shortly after the filing if this

requirement is not met, and the automatic stay is terminated.  11

U.S.C. § 707 (a)(3) and § 362(c)(2).[7]

## IV.  DECISION OF THE BANKRUPTCY COURT

On May 31, 2006, the United States Bankruptcy Court for the District of Hawaii ("Bankruptcy Court") entered an "Order Granting Bank One[]'s Motion To Annul The Automatic Stay" ("Order"), in Case Number 00-02546.  In that Order, the Bankruptcy Court annulled the automatic stay in Debtor's Chapter 7 bankruptcy case nunc pro tunc so that the automatic stay had no effect on Bank One's foreclosure sale:

> The Automatic Stay of Title 11 U.S.C. § 362 is annulled as to Movant so that the Automatic Stay shall have no effect on Movant's actions in regard to the Real Property including, but not limited to, Movant's judicial foreclosure actions undertaken in case number 00-1-0097-01 filed in the First Circuit Court for the State of Hawaii.

Debtor's Representative appeals this Order, alleging:

1.  The Bankruptcy Court lacks personal jurisdiction over Deceased Debtor such that there is no authority to re-open the Deceased Debtor's dismissed case and annul the automatic stay;

2.  The Bankruptcy Court denied Deceased Representative and Non-Debtors procedural due process of law; and

3.  The Bankruptcy Court lacked statutory authority to re-

_____

[7]The provisions of 11 U.S.C. § 362 and 521 apply in a case brought pursuant to chapter 7 of Title 11 of the United States Code.  11 U.S.C. § 103 (" (a) Except as provided in section 1161 of this title, chapters 1, 3, and 5 of this title apply in a case under chapter 7 . . . of this title [.]").

open the Deceased Debtor's dismissed case and annul the automatic stay.

The Court disagrees.

## A.   THE BANKRUPTCY COURT HAS JURISDICTION

The Bankruptcy Court retains personal jurisdiction over the Deceased Debtor in his dismissed bankruptcy case.   Bankruptcy Rule 1016 ("Rule 1016").

Rule 1016 states:

> Death or insanity of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or insanity had not occurred.

The death of a Chapter 7 debtor does not bar the Bankruptcy Court from re-opening a dismissed case for limited purposes.   In the case of In Re George John Walters, d/b/a Farmer, 113 B.R. 602, 605 (1990), the court concluded that a bankruptcy case may be re-opened for the limited purpose of determining the validity of liens despite the death of the debtor.   The court noted that, although only a debtor, and not the estate of a debtor, could file a new petition in bankruptcy, "[n]owhere in either the Bankruptcy Code or Bankruptcy Rules is there express language requiring a reopened case to qualify as a debtor."   This point, considered together with the language of Rule 1016, was deemed to mean that a debtor's bankruptcy case may be re-opened after death.   See also, In re Estrada, 224 B.R. 132 (S.D.Cal.

17

1998)(Chapter 7 bankruptcy case of deceased debtor re-opened by the court).  The Bankruptcy Court has the authority to re-open Deceased Debtor's bankruptcy case as requested by Bank One.

### B.   DUE PROCESS RIGHTS WERE NOT VIOLATED

As long as a debtor is served pursuant to Bankruptcy Rules 9014 and 7004, the Bankruptcy Court has the authority to exercise personal jurisdiction over the debtor.  In re Bell & Beckwith, 41 B.R. 697, 699 (N.D. Ohio 1984).

Rule 9014 governs the requirements for service of motions in a contested case in bankruptcy.  Rule 9014 provides that a motion shall be served in the manner provided for service of a summons and complaint by Rule 7004.  Rule 7004(b)(1) states:

> [S]ervice may be made within the United States by first class mail postage prepaid as follows: (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode [.]

See In re Village Craftsman, Inc., 160 B.R. 740, 745 (Bankr. D.N.J. 1993).  Bank One sent a copy of its motion entitled "Motion To Annul Automatic Stay" by mailing a copy to the last known address of Debtor, the address of the Foreclosed Property. By this time Vincent Cabbab Cabuloy was dead, however Milagros Cabuloy Burcena, the Debtor Representative, was living at the Foreclosed Property.  By this service, she had actual notice of the motion to annul.  Debtor Representative was served in accordance with Rules 9014 and 7004 of the Federal Rules of

18

Bankruptcy Procedure ("FRBP").

It is clear Deceased Debtor's personal representative, Milagros Cabuloy Burcena, had actual knowledge of the re-opening of the bankruptcy case.  In this action the Debtor Representative did not inform the court of her status by notifying the Bankruptcy Court of her identity as Decedent Representative in the appeal.  She is the Deceased Debtor's personal representative.  The Court takes judicial notice that she is the personal representative of the Deceased Debtor.[8]  Although Bank One did not know of Debtor Representative's status, she was in fact served with notice of the hearing on Bank One's motion to annul stay when the notice was mailed to her residence.  Her knowledge of the hearing is evidenced by the record of appearances, showing she was at the hearing.  At the hearing, the issue of violation of due process rights was raised by counsel for Debtor Representative, and Debtor Representative's opposition

---

[8] Bank One's Exhibits A-F, attached to "Appellee's Request For Judicial Notice", provide the basis upon which the Court takes judicial notice of the Letters of Administration filed on September 8, 2004, in the Circuit Court of the First Circuit, State of Hawaii in the probate case of the Estate of Deceased Debtor.  Exhibit B.  The Letters state Mila Burcena "is informally appointed Personal Representative of the Estate of the decedent."  As Milagros Cabuloy Burcena, suing in her individual capacity, Milagros has no standing for the same reasons the other Non-Debtors have no standing in this appeal.

The Court also notes that Debtor Representative did not file a suggestion of death on the record, the correct procedure to follow as the Deceased Debtor's representative.

to the annulment of the stay was also presented.  Given Debtor

Representative's actual knowledge of Bank One's motions in the

Bankruptcy Court case, and Bank One's notice in compliance with

FRBP Rules 9014 and 7004, the Court finds the due process rights

of Deceased Debtor and Debtor Representative were not violated.


**C.   THE BANKRUPTCY COURT HAS STATUTORY AUTHORITY TO ENTER THE ORDER ANNULLING THE AUTOMATIC STAY**

The Bankruptcy Court has statutory authority to enter an

order nunc pro tunc lifting an automatic stay.

**1.   The Bankruptcy Court is Authorized, Pursuant to 11 U.S.C. § 362(d), to Annul an Automatic Stay**

The automatic stay, which takes effect at the moment of the

filing of a Chapter 7 petition, may be annulled by the Bankruptcy

Court pursuant to 11 U.S.C. § 362(d):

> On request of a party in interest and after notice
> and a hearing, the court shall grant relief from
> the stay provided under subsection (a) of this
> section, such as by terminating, annulling,
> modifying, or conditioning such stay-
> (1) for cause, including the lack of adequate
> protection of an interest in property of such
> party in interest;
> (2) with respect to a stay or an act against
> property under subsection (a) of this section, if-
> (A) the debtor does not have equity in such
> property; and
> (B) such property is not necessary to an effective
> reorganization ....

The Bankruptcy Court has the statutory authority to enter an

order annulling the automatic stay in Decedent Debtor's

bankruptcy case.  11 U.S.C. § 362(d), <u>see also</u>, <u>Schwartz v. United States</u> (<u>In re Schwartz</u>), 954 F.2d 569, 572 (9th Cir. 1992)(The Bankruptcy Court has "wide latitude in crafting relief from the automatic stay, including the power to grant retroactive relief from the stay." )(quotation marks and citation omitted).

### 2.   Actions Taken In Violation Of The Automatic Stay May Be Validated By Annulment Of The Stay

A post-petition foreclosure sale taken in violation of the automatic stay, even a sale executed with knowledge of the bankruptcy petition, may be validated by annulment of the stay. <u>Algeran, Inc. v. Advance Ross Corp.</u>, 759 F.2d 1421, 1425 (9th Cir. 1985) ("<u>Alegran</u>").  In <u>Algeran</u>, the Ninth Circuit held such a sale made with knowledge of the stay to be valid:

> Algeran's position that an automatic stay cannot be lifted so as to validate a [post-petition foreclosure] sale made while the stay was in force, is without merit. Section 362(d) of Title 11 empowers the court to grant relief from the automatic stay [.]  The district judge annulled the automatic stay as to the sale of AMI shares, as he was entitled to do under the statute and the facts of this case. With the automatic stay annulled, the sale that occurred cannot be said to be invalid.

As in <u>Algeran</u>, the bad faith of Decedent Debtor is the basis for the bankruptcy's decision to annul the stay for "cause" under § 362(d)(1).  The Bankruptcy Court has the authority to validate Bank One's sale of the Foreclosed Property made during the time the automatic stay in Deceased Debtor's bankruptcy case was in force.  11 U.S.C. § 362(d); <u>Algeran</u>, 759 F.2d at 1425.

**3.    The Bankruptcy Court Retains Jurisdiction After Dismissal**

A Bankruptcy Court, authorized to annul an automatic stay, may do so after the dismissal of a Chapter 7 bankruptcy case. Aheong v. Mellon Mortgage Co. ("In re Aheong"), 276 B.R. 233, 239-40 & n. 8 (9th Cir. BAP 2002).

A Bankruptcy Court retains jurisdiction after dismissal to interpret and effectuate its orders, including the nunc pro tunc lifting of the automatic stay in the bankruptcy case. See In re Aheong, 276 B.R. at 239-40 & n. 8 (quoting Tsafaroff v. Taylor ("In re Taylor"), 884 F.2d 478, 481 (9th Cir.1989)). See also In re Carraher, 971 F.2d 327, 328 (9th Cir.1992); and, In re Giddens, 298 B.R. 329, 337 (Bankr. N.D. Ill. 2003).

The effect of the dismissal of a case is to restore the debtor and creditors to their pre-petition status. In re Aheong, 276 B.R. at 239-40 & n. 8:

> [D]ismissal generally ends the automatic stay and revests property of the estate in the entity in which such property was vested immediately before the commencement of the case. 11 U.S.C. §§ 349(b)(3) and 362(c)(1) and (2)(B).
>
> [W]e hold that by granting [a] Motion to Annul the Stay the bankruptcy court was acting to "interpret" and "effectuate" its Dismissal Order, and was not granting new relief "independent" of that order. The "basic purpose" of the Dismissal Order was "to undo the bankruptcy case, as far as practicable, and to restore all property rights to the position in which they were found at the commencement of the case." H.R.Rep. No. 595, 95th Cong., 1st Sess. 338 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6294: S.Rep. No. 989, 95th

Cong., 2d Sess. 48-49 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5835.

Issuing an order annulling the automatic stay is an act taken to clarify the effect of the dismissal on the property rights of the creditor movant.   Id.

In considering Bank One's motion to annul the stay, the Bankruptcy Court was properly interpreting and effectuating the dismissal of Decedent Debtor's Chapter 7 petition.   This act is within the Bankruptcy Court's ancillary jurisdiction, which survives dismissal.   In re Aheong, 276 B.R. at 239-40 & n. 8. See generally Kokkonen, 511 U.S. at 380, 114 S.Ct. 1673 (ancillary jurisdiction includes vindication of court's authority and effectuating its decrees).

### D.   BANKRUPTCY COURT DID NOT ABUSE ITS DISCRETION IN ANNULLING THE STAY

It is within the sound discretion of the Bankruptcy Court whether to grant retroactive relief from the automatic stay pursuant to 11 U.S.C. § 362(d).   National Environmental Waste Corp. v. City of Riverside ("In re National Envtl. Waste"), 129 F.3d 1052, 1054 (9th Cir.1997).   Where "the stay harms the creditor and lifting the stay will not unjustly harm the debtor or other creditors[,]" there may be cause to annul the stay.   In re Murray, 193 B.R. 20, 22 (Bankr.E.D.Cal. 1996) (quotation marks and citation omitted).

The Bankruptcy Court is required, in analyzing a motion for

23

annulment of a stay, to balance the equities of the creditor's position in comparison with that of the debtor.   In re National Envtl. Waste, 129 F.3d 1052, 1054.   Under this approach, the Bankruptcy Court considers the questions: (1) was the creditor aware of the bankruptcy petition and automatic stay; and (2) did the debtor engage in unreasonable or inequitable conduct.   Id. at 1055-56.

These two considerations were expanded on in the subsequent case of In re Fjeldsted, 293 B.R. 12, 24-25 (9th Cir. BAP 2003). Appropriate factors to consider are: the number of bankruptcy filings by the debtor; the extent of any prejudice, including to a bona fide purchaser; the debtor's overall good faith; the debtor's compliance with the Code; how quickly the creditor moved for annulment; and how quickly the debtor moved to set aside the sale.   Id.

A mechanistic application of these factors is inappropriate in making the determination of whether to annul the stay, and one factor alone may be dispositive:

> Mindful that such lists [of factors] are capable of being misconstrued as inviting arithmetic reasoning, we emphasize that these items are merely a framework for analysis and not a scorecard. In any given case, one factor may so outweigh the others as to be dispositive.

In re Fjeldsted, 293 B.R. at 25.

The Bankruptcy Court did not abuse its discretion in the case before this Court when it retroactively annulled the stay

here.  See National Envtl. Waste Corp. v. City of Riverside ("In re National Envtl. Waste Corp."), 129 F.3d 1052, 1054 (9th Cir.1997) (reviewing decision retroactively to lift automatic stay for abuse of discretion).  The Bankruptcy Court properly balanced the equities present here.  While the foreclosure sale may have violated the automatic stay, the Bankruptcy Judge considered the actions taken by Decedent Debtor and concluded that the Debtor filed his Chapter 7 petition in bad faith.  The Bankruptcy Court did not abuse its discretion in concluding, from the analysis of Debtor's acts, that he sought to use the mechanism of the automatic stay in bankruptcy to simply block Bank One's foreclosure.

> Mr. Cabuloy filed a bare bankruptcy petition, apparently never filed schedules or statement of affairs, never apparently showed up for meeting of creditors.  He . . . never apparently intended to actually follow through and prosecute a bankruptcy case to conclusion.  He filed a bare petition simply to get the benefit of the automatic stay.  I think that is indicative very powerful evidence of bad faith and, therefore, justifies retroactive relief.
>
> I would also point out there were a series of bankruptcy cases filed by Mr. Cabuloy and apparent relatives that were also apparently intended to stall off the foreclosure.

Transcript Of Proceedings Before The Honorable Robert J. Faris United States Bankruptcy Court Judge On May 31, 2006 at 4-5.

As the Bankruptcy Court stated, Debtor filed for Chapter 7 relief twice, both filings dismissed when he failed to file the

25

requisite documents and schedules.  Further, Debtor filed the

first petition just 17 minutes before the hearing in state court

on Bank One's foreclosure motion, and let the hearing go forward

without informing the court of the automatic stay.  Then, through

one legal maneuver after another in state court, Debtor, and,

later the Debtor Representative, resisted Bank One's attempts to

receive payment on the mortgage or to foreclose on the Property.

Neither Deceased Debtor nor Debtor Representative has made any

payments to Bank One on the principal or interest of the mortgage

loan over the past several years.

Decedent Debtor's acts provide ample grounds for the

Bankruptcy Court's conclusion that Bank One should be granted

relief from the automatic stay.  There is no clear error in the

Bankruptcy Court's determination of bad faith.  See Smyrnos v.

Padilla ("In re Padilla"), 213 B.R. 349, 352 (9th Cir. BAP 1997).

The Bankruptcy Court correctly weighed appropriate factors:

whether the Decedent Debtor engaged in inequitable conduct, Nat'l

Envtl. Waste, 129 F.3d at 1055, and whether he promptly moved to

have the foreclosure's validity determined, Fjeldsted, 293 B.R.

at 25.

The Bankruptcy Court did not abuse its discretion when it

re-opened the case and annulled the stay.

**V.   The Appeal Is Moot Pursuant To 11 U.S.C. §363(m):
      Appellants' Failed To Obtain A Stay Of The Order Annulling
      The Automatic Stay, And The Property Has Been Sold To Third**

**Party Purchasers**

Pursuant to the provision of the Bankruptcy Code protecting good faith purchasers from the consequences of a reversal on appeal of an order of the Bankruptcy Court, an appeal becomes moot in certain circumstances.  11 U.S.C. 363(m), <u>In re Onouli-Kona Land Co.</u>, 846 F.2d 1170, 1171 (C.A.9 1988).  Where the underlying sale of the debtor's property has not been stayed pending appeal, and reversing the authorization to sell would affect the validity of the sale of the property, an appeal is moot.  <u>In re Exennium, Inc.</u>, 715 F.2d 1401 (C.A.9 1983) ("Where lessor did not seek stay of order approving sale of leases, neither the Bankruptcy Appellate Panel nor the court of appeals could overturn the sale of the leases.").

Here, Debtor Representative failed to obtain a stay of the sale of the Foreclosed Property pending the appeal of the Bankruptcy Court's Order in this Court.  On September 22, 2006, Appellants filed a pleading entitled "Motion For Stay Pending Appeal" in this Court (Doc. 6), seeking to enjoin Bank One from enforcing the writ of possession of the Foreclosed Property issued by the State Circuit Court.  On September 25, 2006, the Court denied the motion for stay pending appeal. (Doc. 10).

Decedent Representative failed to obtain the requisite stay. Further, the Annulment Order on Appeal is one that affects the

27

status of the sale of the Foreclosed Property.   An appeal is moot where an appellant has failed to obtain a stay from a Bankruptcy Court order that permits the sale of a debtor's property.   In re Onouli-Kona Land Co., 846 F.2d 1170, 1171 (C.A.9 1988) ("Bankruptcy's mootness rule applies when an appellant has filed to obtain a stay from an order that permits a sale of a debtor's assets.").   Even if the Bankruptcy Court's Order lifts the automatic stay in a debtor's case, rather than directly approving a sale of debtor's assets, the appellant's failure to obtain a stay moots the appeal.   Id. ("Whether an order directly approves the sale or simply lifts the automatic stay, the mootness rule dictates that the appellant's failure to obtain a stay moots the appeal.") (citing, Algeran, Inc. v. Advance Ross Corp., 759 F.2d 1421, 1423 (9th Cir. 1985)).   Here again, Appellants are appealing the Order of the Bankruptcy Court in which the automatic stay in Deceased Debtor's case was annulled.   As the Order states, the stay was annulled as it pertains to Bank One's foreclosure efforts in State Circuit Court on the Subject Property.   The Appeal in this case directly impacts the status of the Foreclosed Property.

Finally, the Foreclosed Property was sold to third-party purchasers while the Appeal was pending.   Id. at 1172 ("Two conditions must be met before an appeal becomes moot . . .:  (1) the underlying sale or lease must not have been stayed pending

28

appeal, and (2) reversing or modifying the authorization to sell or lease would affect the validity of the sale or lease.") (_citing_, _In re Rickel Home Centers, Inc._, 209 F.3d 291 (C.A.3 2000), cert. denied, 121 S.Ct. 175, 531 U.S. 873).  On March 6, 2007, a limited warranty deed for the Foreclosed Property was executed conveying the Foreclosed Property from Bank One to Elizabeth Cabbab Cabuloy, Susan Cabuloy Delos Santos, Nelson Ramos Delos Santos, Dominador Cabbab Cabuloy, and Diango Cabbab Cabuloy.  None of these purchasers, although possibly related to the Cabuloys who are the Appellants here, are parties to this appeal of the Bankruptcy Court's Annulment Order.  These purchasers of the Foreclosed Property very well may have known of the Appeal in this Court, but, this knowledge does not affect the application of the bankruptcy mootness rule.  _Matter of Youngstown Steel Tank Co._, 27 B.R. 596 (W.D.Pa. 1983) ("For purposes of this section, knowledge on the part of the purchaser of pending appeal does not affect application of this section.").

For these reasons, Decedent Representative's Appeal is **MOOT**. The Court, in the interests of reaching the merits of this matter, analyzed the substantive issues presented as an alternate holding.

In accordance with each holding, the decision of the Bankruptcy Court is **AFFIRMED**.

29

## CONCLUSION

For the foregoing reasons:

The Court **DENIES** Bank One's Motion to Dismiss in the interests of reaching the merits of the appeal.

The decision of the Bankruptcy Court is **AFFIRMED**.


IT IS SO ORDERED.

DATED: September 28, 2007, Honolulu, Hawaii.



_/s/ Helen Gillmor_____

Chief United States District Judge




Milagros Cabuloy Burcena, et al. v. Bank One, National Association, As Trustee fka The First National Bank Of Chicaco, As Trustee, Civ. No. 06-00422 HG-KSC; ORDER DENYING APPELLEE'S MOTION TO DISMISS, AND ORDER AFFIRMING THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF HAWAII'S ORDER GRANTING BANK ONE'S MOTION TO ANNUL THE AUTOMATIC STAY IN CASE NUMBER 00-02546